IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 04-108 |
| | ) |
| WILLIAM TOMKO, | ) |
|     Defendant. | ) |

MEMORANDUM

Gary L. Lancaster,
District Judge.                                         September 30, 2005

    This is a criminal case. Defendant Tomko pled guilty to tax evasion in violation of 26 U.S.C. § 7201. The government, citing Section 3B1.1(a) of the Sentencing Guidelines, seeks a four-point increase in the offense level on the ground that defendant was the leader or organizer of a criminal activity that involved five participants or was otherwise extensive. Defendant argues that there is no basis for such an enhancement under either the "five participants" prong or the "otherwise extensive" prong.

    For the reasons which follow, the government's request for a four-point increase in the offense level is denied.

I. BACKGROUND

    On May 7, 2004, defendant, William Tomko, pled guilty to willfully attempting to evade and defeat a substantial part of the income tax due to the United States of America for the calendar year of 1997 by submitting a false and fraudulent joint

U.S. Income Tax Return, Form 1040. According to Count One of the Information, Tomko's reported taxable income excluded income that he had received in the form of goods and services related to the construction of his personal residence.

The relevant facts are as follows. Tomko owns and operates W.G. Tomko, Inc., a large mechanical contractor. From 1996 through 1998, Tomko was building a personal residence in Venetia, Pennsylvania. During the construction of his home, Tomko had various subcontractors who worked on his personal residence bill Tomko's construction company and alter invoices to have it appear as though those invoices were for construction jobs that Tomko's company was performing. As a result, Tomko's company paid the construction costs of his home and deducted the expenses. Tomko did not report the construction costs (paid for by the company) on his personal income tax returns.

II. DISCUSSION

Pursuant to Section 3B1.1 of the Sentencing Guidelines, a level enhancement for role in the offense is appropriate when (a) "the defendant was an organizer or leader of a criminal activity that involved five or more participants," or alternatively, (b) if the criminal activity was "otherwise extensive." "The two tests are equivalent, meaning that an upward departure is not appropriate under the 'otherwise' extensive test unless the

offense in question was somehow the functional equivalent of a crime involving five or more participants." U.S. v. Carrozzella, 105 F.3d 796, 803 (2d Cir. 1997); see also U.S. v. Helbing, 209 F.3d 226, 244 (3d Cir. 2000) (adopting the analysis of the Court of Appeals for the Second Circuit as described in Carrozzella). We address each prong in turn. We note that it is the government's burden to demonstrate by a preponderance of the evidence that an enhancement is warranted. U.S. v. Bapack, 129 F.3d 1320, 1324 (D.C. Cir. 1997).

### A.  Five Participants Prong

In order to be considered a "participant" under § 3B1.1(a), a person must have engaged in conduct that could lead to a criminal conviction resulting in a term of imprisonment. Section 3B.1 of the Sentencing Guidelines defines a "participant" as follows:

> A person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g. an undercover law enforcement officer) is not a participant.

We find that although more than five subcontractors were involved here, they cannot be defined as "participants." In order to be a participant, one must be a "willing participant." See U.S. v. Anthony, 280 F.3d 694, 699 (6th Cir. 2002). Here,

the subcontractors were intimidated - either implicitly or explicitly - by the defendant's underlying threat that the contractors would not get paid or would lose future business unless they submitted the invoices as the defendant instructed.

Moreover, although the subcontractors' invoices may have dishonestly reflected where they performed certain work, the subcontractors cannot be said to have "knowingly offered their assistance" to help defendant commit a crime. It is important to bear in mind here that the offense in question was tax evasion. The acts of the subcontractors may have made it easier for defendant to lie on his tax return, but the subcontractors themselves did not conspire or assist defendant in preparing his fraudulent tax return. Under those circumstances, the subcontractors cannot be "criminally responsible" for defendant's act of filing fraudulent income tax returns.

The credible evidence found in the statements taken by the IRS agent of the subcontractors reflects that defendant did not inform the subcontractors of his criminal plans, although they may have suspected what he was up to. In summary, the participants can hardly be deemed "knowing" or "willing" participants in submitting a fraudulent income tax return. Nor did the subcontractors engage in criminal conduct that could result in a term of imprisonment.

AO 72A
(Rev.8/82)

For these reasons, we find that the government has not sustained its burden under the first prong of § 3B1.1 to prove that defendant was the leader of a criminal activity involving five or more participants.

B. <u>Otherwise Extensive Prong</u>

A court may properly apply the four-point increase under § 3B1.1(a) if the defendant's criminal activity was "otherwise extensive," regardless of how many "participants" were involved. To be "otherwise extensive," the offense in question must essentially be the equivalent of a crime involving five or more participants. <u>U.S. v. Helbling</u>, 209 F.3d at 244.

The Sentencing Guidelines do not offer much guidance as to what the words "otherwise extensive" mean, and various circuits have developed their own tests. The Court of Appeals for the Second Circuit has adopted the test we consider most appropriate: the "otherwise extensive" prong permits a four-level increase when the combination of knowing participants and non-participants committing an offense is the functional equivalent of criminal activity involving five criminally responsible individuals. <u>Carrozzella</u>, 105 F.3d at 803. This test appears to be most reflective of the Sentencing Commission's intent, as the background commentary to § 3B1.1 states:

> This section provides a range of adjustments to increase the offense level based upon the size of the criminal

5

>organization (i.e. the number of participants in the offense) and the degree to which the defendant was responsible for committing the offense.... The Commission's intent is that this adjustment should increase both with the size of the organization and the degree of the defendant's responsibility.

U.S.S.G. § 3B1.1. See also Anthony, 280 F.3d at 700 ("From the commentary, we gather that in authorizing a departure for 'extensive' criminal activity, what the Sentencing Commission had in mind was 'numerosity.'").

The Court of Appeals for the Third Circuit apparently agrees that the "otherwise extensive" test necessarily involves the numerosity of individuals involved rather than a broader "totality of the circumstances" type analysis. In U.S. v. Helbling the Court of Appeals observed, "[i]f the Commission intended the courts to utilize a broader analysis to determine if a criminal activity was 'extensive' it could easily have said so." Helbling, 209 F.3d at 246. Thus, we adopt the three-factor test set forth in Carrozzella, which examines the following to determine whether the criminal activity here was "otherwise extensive":

>(I) the number of knowing participants;
>(ii) the number of unknowing participants whose activities were organized or led by the defendant with specific criminal intent; and
>(iii) the extent to which the services of the unknowing participants were peculiar and necessary to the criminal scheme.

Carrozzella, 105 F.3d at 804. As such, we consider the number of "knowing" and "unknowing" participants under (I) and (ii), while

6

bearing in mind that "the test for functional equivalence requires that a sentencing court consider how significant the role and performance of an unwitting participant was to the ultimate criminal objective." Anthony, 280 F.3d at 701; Carrozzella, 105 F.3d at 804.

As previously discussed, we find that the number of participants in this case was zero. Further, the number of non-participants is twelve, that is, the number of sub-contractors who submitted false invoices to defendant. We find that the activities of these subcontractors was not peculiar and necessary to the criminal scheme because the false invoices were certainly not "necessary" for defendant to file a false tax return. Therefore, we conclude that the number of participants (zero) plus the number of non-participants (twelve), taking into consideration the role and performance of the non-participants, is not the functional equivalent of five participants.

Additionally, even viewed in the totality of circumstances, there is nothing "otherwise extensive" about the crime. This case involves a single count of tax fraud for having under reported defendant's income on his April 15, 1998 personal income tax return. There is no indication that this offense was ongoing in nature, nor is there any indication that the offense was part of a larger pattern of criminal activity. As such, we find that the government has not met its burden under the second prong of

7

§ 3B1.1 to prove that defendant's criminal activity was otherwise extensive.

III. <u>CONCLUSION</u>

For all of these reasons, the government's request to increase the offense level by four points is denied. The appropriate order follows.

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | )   Criminal No. 04-108 |
| | ) |
| WILLIAM TOMKO, | ) |
| Defendant. | ) |

### ORDER

Therefore, this 30th day of September, 2005, IT IS HEREBY ORDERED that the government's request for a four point sentencing increase in the offense level is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record

9